# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **JACKLYN WILSON,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **NO. 4:17-CV-122** |
| **BRIGHT HORIZONS CHILDREN'S** | § | |
| **CENTER LLC,** | § | |
| | § | |
| *Defendant.* | § | |

## AGREED PROTECTIVE ORDER

Plaintiff Jacklyn Wilson ("Wilson" or "Plaintiff") and Defendant Bright Horizons Children's Centers LLC ("Defendant") to the above-styled action (the "Lawsuit" or the "Litigation") are engaged in discovery that may involve requests for disclosure of information considered by one or more parties to be confidential or proprietary business information and/or confidential personal information.

To facilitate the disclosure of documents and information, the parties, through their respective attorneys of record, have jointly moved the Court to enter an Agreed Protective Order to protect the confidentiality of information that may be produced or disclosed. The Court, having considered this issue, Orders that:

1.    **Designation of Confidential Materials.** The parties to this Litigation may designate as "Confidential" any documents, deposition testimony, or other tangible thing which contains confidential information, including but not limited to non-public personal, medical, or financial information; sensitive personnel information regarding Defendants' employees, former employees, and/or job applicants; non-public financial and/or customer information; trade secrets or non-public, confidential proprietary information belonging to Defendants or related entities.

For documents or other tangible things, such designation shall be made by stamping the document or things as "Confidential" prior to delivering a copy of same to the opposing party. For deposition testimony, such designation shall be made by identifying specific testimony as "Confidential" on the record at the deposition.

2. **Subsequent Designation of Confidential Materials.** Any party may designate any document, deposition testimony, or other tangible thing as containing confidential information which has been previously produced or transcribed without such designation or that has been produced or transcribed by another party and was not designated as containing confidential information at the time produced or transcribed. Notice of such post-production designation shall be given in writing to all parties to whom such materials have previously been furnished. For documents or other tangible things, such post-production designation should be made within thirty (30) calendar days after the document or other tangible thing has been produced. For deposition transcripts, such post-production designation should be made within thirty (30) days after the official deposition transcript has been received. From the time such post-production designation is made, it shall have the same effect as if each individual item designated on a post-production basis was in fact marked as set forth in paragraph 1 above at the time of the production.

3. **Challenges to Designation.** A party may challenge the designation of a particular document or matter as "Confidential" by motion to the Court. At the hearing on such motion, the party seeking the confidentiality of a document or documents or matters shall have the burden of proving good cause for the entry of an order maintaining the confidentiality of the matter.

**4.     Maintenance of Confidential Matters.**  Any portion of the foregoing documents or matters designated as "Confidential," until further ordered by the Court, shall be maintained in strict confidence by the attorneys for the parties, shall be used solely in the preparation or trial of this Lawsuit and shall be disseminated or disclosed only to the following persons:

    a.    Counsel employed by or retained by a party for this Lawsuit and their staff;

    b.    Any Party and/or officers, directors, representatives and employees of a party (including in-house counsel) who are directly involved in this Lawsuit;

    c.    Persons shown on the face of the document to have authored or received it;

    d.    Persons whose testimony is taken in this case at deposition or trial, but only if such confidential information is relevant to such testimony;

    e.    Any mediator appointed by the Court or agreed to by the parties and his or her employees or agents;

    f.    Any other person on such terms and conditions as the parties may mutually agree, in writing, or as the Court may hereafter direct by further order; and

    g.    The Judge and their staff, through the litigation of this Lawsuit, where disclosure is necessary.

Specifically, other than at a deposition of individuals in this litigation or at trial, Plaintiff may not show or, send, or disclose the contents of any document designated as "Confidential", including email correspondence, to any individuals, including current or former employees or contractors of Defendants or related entities, unless that individual is shown on the face of the document to have authored or received it or is otherwise included in the above list of exempted persons.   Plaintiff also may not keep or retain a copy of any document designated as "Confidential," except that Plaintiff's counsel may retain an electronic copy of all documents at the close of the litigation as set forth herein. In addition, "Confidential" documents may be

disseminated and disclosed to recognized experts in a relevant area of expertise, and/or non-testifying consultants working on this case who are engaged by the parties for their expertise in a recognized field of professional study and/or third party copying/imaging/discovery vendors so long as they agree in writing to be bound by the terms of this Protective Order by signing the attached Certification.

5.    **No Waiver.**  A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the confidential designation is made, and a failure to challenge or object to the confidential designation at the time the designation is made shall not preclude a subsequent challenge thereto.

6.    **Filing Under Seal.**  A party can move for an order from the Court requesting filing under seal of any documents, things, or deposition testimony that has been designated as "Confidential." Prior to filing any documents marked "Confidential" with the Court, a party agrees to consult with the opposing party at least three (3) days in advance of such filing, so that the opposing party may determine whether it will request that the Court order the documents to be redacted or filed under seal.

7.    **Additional Protection Preserved.**  Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder as "Confidential"

8.    **Return of Confidential Materials.**  Upon the termination of this Lawsuit, and upon written request by the party producing confidential documents, the party in receipt of confidential documents shall return to the opposing counsel a hard copy of all documents

designated as "Confidential" that were produced (assuming no objection to confidentiality was made to and resolved by the Court), or destroy such documents and certify to the opposing counsel that such destruction was accomplished; however, one electronic copy of such documents may be kept by Counsel who received such documents.

9. **No Admission.** Nothing contained in this Protective Order, nor any action taken in compliance with it, shall:

    a.    Operate as an admission by any party that any produced material is, or is not, in fact, confidential;

    b.    Operate as an admission by any party that any produced material is, or is not, admissible in evidence at trial; or

    c.    Prevent a party from using or disclosing its own documents.

10. Pursuant to Federal Rules of Evidence 502 (d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

    a.    The disclosure or production of documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such document.

    b.    The inadvertent disclosure or production of any document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

    c.    If, during the course of this litigation, a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

        i.    The Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B)

immediately notify the Producing Party in writing that it has discovered documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's documents to identify potentially privileged or work product Protected Documents.

ii.　If the Producing Party intends to assert a claim of privilege or other protection over documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

d.　If, during the course of this litigation, a party determines it has produced a Protected Document:

i.　The Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

ii.     The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

e.     To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c)(ii) and (d)(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

f.     The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

i.     the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

ii.     the disclosure of the Protected Documents was not inadvertent;

iii.     the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

iv.     the Producing Party failed to take reasonable or timely steps to rectify the error.

g.     Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

h.     Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court

may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

i.  Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness or the segregation of privileged or protected information before such information is produced to another party.

j.  By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

**11.    Modification Permitted.**  Any of the parties may request that the Court modify or otherwise grant relief from any provision of this Protective Order.

IT IS SO ORDERED this ___4___ day of ___January___, 2017. 2018

GRAY H. MILLER
UNITED STATES DISTRICT JUDGE

AGREED:


_/s/ Chukwudi Egbuonu *_ _____      _/ s/  Danielle K. Herring_ _____

**Chukwudi Egbuonu**
Texas Bar No. 24081838
chuck@celawoffice.com
**LAW OFFICE OF CHUKWUDI
EGBUONU**
4141 Southwest Freeway, Suite 425
Houston, Texas 77027
Telephone No.: 713/635-9488
Facsimile No.: 832/426-5792

**Danielle K. Herring**
Texas Bar No. 24041281
dherring@littler.com
**LaDelle Davenport**
Texas Bar No. 24097571
ldavenport@littler.com
**LITTLER MENDELSON, P.C.**
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone No.: 713/951-9400
Facsimile No.: 713/951-9212

**ATTORNEY FOR PLAINTIFF**

*signed by permission*

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATION**

I hereby certify that I have read the Protective Order in the Lawsuit styled *Jacklyn Wilson v. Bright Horizons Children's Center LLC,* Civil Action No. 4:17-CV-122, issued by the Honorable Gray H. Miller, dated _____ ___, 2017 (the "Order"), and I agree that I will not reveal Confidential Information to, or discuss Confidential Information with, any person who is not entitled to receive Confidential Information in accordance with the Order, that I will use Confidential Information only for the purposes of facilitating due diligence with respect to the agreement in principle, and not for any other business or purpose whatsoever, that I will otherwise keep all Confidential Information confidential in accordance with this Order, and that I will otherwise be bound by the strictures of the Order.

_____
Name

_____
Date